

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LYNORE REISECK,

                      **Plaintiff,**

       -against-

UNIVERSAL COMMUNICATIONS OF MIAMI,
INC., d/b/a UNIVERSAL MEDIA, BLUE
HORIZON MEDIA, INC., DOUGLAS GOLLAN,
CARL RUDERMAN, GEOFFREY LURIE, and
DAVID BERNSTEIN in their individual and
corporate capacities,

                     **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Supreme Court**
**New York County**
**Index No. 107436/04**

**Docket No.:**

**NOTICE OF REMOVAL**



**TO:** **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Pursuant to 28 U.S.C. §§1441 and 1446, defendants Universal Communications of
Miami, Inc. d/b/a Universal Media ("Universal Media"), Blue Horizon Media, Inc., Douglas
Gollan, Carl Ruderman, Geoffrey Lurie, and David Bernstein, in their individual and corporate
capacities (collectively "Defendants"), by their attorneys, Kane Kessler, P.C., hereby file their
Notice of Removal of the above-captioned action to this Court from the Supreme Court of the
State of New York, County of New York, and state as follows:

    1.     This is a civil action for which the District Court of the United States has original
jurisdiction under 28 U.S.C. § 1331 in that one of the claims against the Defendants arises under
the laws of the United States.

    2.     Specifically, the Plaintiff's amended complaint asserts a claim for alleged unpaid
overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq.

#241402.1

("Federal Fair Labor Standards Act"). As such it is a civil action over which this Court has original jurisdiction under 29 U.S.C. §201 and 28 U.S.C. §1331.

3.     Plaintiff was employed for approximately one year and a half by Elite Traveler Magazine, a division of Universal Media, as a Regional Director of Travel and Real Estate for the Northeast/Midwest/Eastern Canada and Bermuda regions.

4.     Plaintiff terminated her employment at Elite Traveler Magazine when she advised the company that she planned to adopt a commuting lifestyle, wherein she would live in Florida every weekend and commute to her employment in New York during the week.

5.     In May, 2004, Plaintiff commenced a lawsuit in the Supreme Court of the State of New York, County of New York, by filing a summons and complaint, in which she asserted claims against Universal Media and Douglas Gollan for, inter alia, allegedly discriminating against her for traveling to Florida in violation of New York Labor Law §201-d, which prohibits employers from discriminating against employees based on the recreational activities in which they engage.

6.     In or about August, 2005, Plaintiff made a motion to amend her complaint to include, inter alia, several additional defendants and a cause of action under the Federal Fair Labor Standards Act, alleging that she is entitled to overtime wages.

7.     On or about January 11, 2006, the decision of the Honorable Rolando T. Acosta, granting Plaintiff's motion to amend her complaint (the "Order"), was filed with the Clerk of the Supreme Court of the State of New York, County of New York. A copy of the Order is annexed hereto as Exhibit "A."

8.    On or about January 19, 2006, Kane Kessler, P.C. agreed to accept service of the amended complaint on behalf of all of the defendants.  A copy of the amended complaint is annexed hereto as Exhibit "B."

9.    Thirty days have not yet elapsed since Defendants received a copy of the aforesaid Order and amended complaint and removal is, therefore, timely pursuant to 28 U.S.C. §1446(b).

10.    Promptly after filing this Notice of Removal, Defendants shall give written notice thereof to Plaintiff and shall file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE,** Defendants respectfully request that this action be removed to this Court from the Supreme Court of the State of New York and henceforth that this action be placed on this Court's docket for all further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
      February 1, 2006

                           Yours, etc.

                           **KANE KESSLER, P.C.**
                           Attorneys for Defendants
                           1350 Avenue of the Americas
                           New York, New York 10019-4896

                           By: _____
                              S. Reid Kahn (SRK – 1458)
                              Gillian Overland (GO – 7300)

#241402.1                                      3

TO:   **ALAN B. PEARL
& ASSOCIATES, P.C.**
Attorneys for Plaintiff
6800 Jericho Turnpike – Suite 218E
Syosset, New York 11791
(516) 921-6645

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:

Index Number : 107436/2004                                        PART  6 /

REISECK, LYNORE

vs

UNIVERSAL COMMUNICATIONS                    INDEX NO.          _____

Sequence Number : 001                        MOTION DATE        _____

AMEND SUPPLEMENT PLEADINGS                   MOTION SEQ. NO.    _____

                                             MOTION CAL. NO.    _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                          | PAPERS NUMBERED
Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   | _____
Answering Affidavits — Exhibits _____   | _____
Replying Affidavits _____  | _____

**Cross-Motion:**  ☐ **Yes**   ☐ **No**

Upon the foregoing papers, it is ordered that this motion

# MOTION IS DECIDED IN ACCORDANCE
# WITH THE ATTACHED MEMORANDUM DECISION.

                                             SO ORDERED

Dated: __12/16/05__                          ROLANDO T. ACOSTA
                                                        J.S.C.

                                                              J.S.C.

Check one:   ☐ FINAL DISPOSITION     ☑ NON-FINAL DISPOSITION

Check if appropriate:        DO NOT POST           ☐ REFERENCE

FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK    PART 61

---

Lynore Reiseck,

               Plaintiff,

       – against –

Universal Communication of Miami, Inc.,
d/b/a Universal Media and Douglas Gollan
in his individual capacity,

            Defendants.

---

**DECISION/ORDER**

Index No. 107436/04

Motion Seq. 1

**Present:**
**Hon. Rolando T. Acosta**
Supreme Court Justice

     The following documents were considered in reviewing plaintiff's motion

pursuant to CPLR §§ 1003 and 3025(b) for leave of the Court to amend the

complaint:

| Papers | Numbered |
|---|---|
| **Notice of Motion, Affirmation In Support** | **1, 2 (Exh. A - D)** |
| **Memorandum of Law in Support** | **3** |
| **Affirmation in Opposition** | **4 (Exh. 1 - 2)** |
| **Memorandum of Law in Opposition** | **5** |
| **Affirmation in Reply, Affirmation in Reply** | **6** |
| **Memorandum of Law in Reply** | **7** |

This action arises out of plaintiff Lynore Reiseck's ("Reiseck") termination as Regional Director of Travel and Real Estate for the Northeast/Midwest/Eastern Canada/Bermuda territory for Elite Traveler Magazine, a publication of defendant Universal Communications of Miami, Inc. ("Universal"). In her original verified complaint Reiseck alleged that Universal and its president, Douglas Gollan ("Gollan"), discriminated against her and terminated her employment in violation of New York Labor Law, New York Human Rights Law, and the Administrative Code of the City of New York. Reiseck also claimed for non-payment of commissions. Reiseck now seeks to amend her complaint and, pursuant to CPLR § 1003, add as an additional defendant Blue Horizon, the parent company of Universal which plaintiff alleges was responsible for all of Universal's accounting, human resources, policy and procedure, and payroll functions. Reiseck also seeks to add as defendants Dave Bernstein, the Chief Financial Officer of Blue Horizon; Carl Ruderman, chairman and eighty percent owner of Universal; and Geoffrey Lurie, the Vice Chairman of Universal and an officer of Blue Horizon. Reiseck further seeks to add a cause of action pursuant to CPLR § 3025(b) under 29 U.S.C. § 201 et. seq. claiming that defendants willfully failed to pay her overtime wages to which she was entitled for work she performed in excess of 40 hours per week.

It is well settled that leave to amend a pleading should be freely given by the court in the absence of prejudice or surprise. CPLR 3025(b); McCaskey,

Davies & Assoc. v. New York City Health & Hospital Corp., 59 N.Y.2d 755 (1983). While it is within the court's discretion to allow or disallow an amendment, the court should consider the merit of the proposed amended pleading. The merit of a proposed amended pleading must be sustained unless its alleged insufficiency or lack of merit is clear and free from doubt. Detrinca v. De Fillippo, 165 A.D. 2d 505 (1st Dept. 1991). The party opposing the amended pleading "must overcome a presumption of validity ... and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient." Brennan v. City of New York, 99 A.D.2d 445, 446 (1st Dept. 1984) .

In the instant action, defendants have failed to overcome this presumption of validity and have failed to demonstrated that the amendment is clearly lacking merit. Nor have defendants shown surprise or significant prejudice. Rather, defendant's conclusory assertion t hat they will be prejudiced by the amended complaint without providing the court with any reason is insufficient as a matter of law to defeat plaintiff's motion. Moreover, plaintiff has stated a prima facie cause of action for unpaid overtime wages and defendant attorney's affidavit to the contrary is inadequate to counter plaintiff's assertion. See Morgan v. Prospect Park Assoc. Holdings, 251 A.D.2d 306 (2nd Dept. 1998). Accordingly, it is

ORDERED that the plaintiff's motion for leave to amend the complaint

herein is granted to the extent indicated above, and the amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Trial Support (Room 158) and upon the County Clerk, who are directed to amend their records to reflect such change in the caption; and it is further

ORDERED that the defendant shall serve an answer to the amended complaint within 20 days from the date of said service.

This constitutes the Decision and Judgment of the Court.

Dated: December 16, 2005

ENTER

SO ORDERED

Rolando T. Acosta, J.S.C.
ROLANDO T. ACOSTA
J.S.C.



Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LYNORE REISECK,

                Plaintiff,

       -against-

UNIVERSAL COMMUNICATIONS OF MIAMI, INC.,
d/b/a  UNIVERSAL MEDIA, BLUE HORIZON MEDIA, INC.,
DOUGLAS GOLLAN, CARL RUDERMAN, GEOFFREY LURIE,
and DAVID BERNSTEIN in their individual
and corporate capacities,

                Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 107436/04
Date of Purchase:   5/14/04

**SUPPLEMENTAL
SUMMONS**

Plaintiff's residence
277 West 10th Street Apt 4K
New York, N.Y.  10014

The basis of the venue is the
Residence of Plaintiff/Accrual of
Cause of Action

**TO THE ABOVE NAMED DEFENDANT(s):**

     **You are hereby summoned** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorneys within twenty days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for relief demanded in the
complaint

                            Yours, etc.

                            ALAN B. PEARL & ASSOCIATES, P.C.

Dated: Syosset, New York
       August 18, 2005
                            By:
                            JOHN K. DIVINEY, ESQ.
                            Attorneys for Plaintiff
                            Office and Post Office Address
                            6800 Jericho Turnpike, Suite 218E
                            Syosset, NY 11791

(516) 921-6645


TO:    Universal Communication of Miami, Inc.
       801 Second Avenue
       New York, N.Y.  10017

       Blue Horizon Media, Inc.
       801 Second Avenue
       New York, N.Y.  10017

       Douglas Gollan
       801 Second Avenue
       New York, N.Y.  10017

       Carl Ruderman
       801 Second Avenue
       New York, N.Y.  10017

       Geoffrey Lurie
       801 Second Avenue
       New York, N.Y.  10017

       David Bernstein
       801 Second Avenue
       New York, N.Y.  10017

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
———————————————————————— X
LYNORE REISECK,

                            Plaintiff                                Index No. 107436/04

                                                                     **VERIFIED AMENDED
                                                                     COMPLAINT**

             against

UNIVERSAL COMMUNICATIONS OF MIAMI, INC.,
d/b/a  UNIVERSAL MEDIA, BLUE HORIZON MEDIA, INC.
and DOUGLAS GOLLAN, CARL RUDERMAN, GEOFFREY LURIE,
and DAVID BERNSTEIN in their individual and corporate capacities,

                            Defendants
———————————————————————— X

Plaintiff Lynore Reiseck through her attorneys, Alan B. Pearl & Associates, complains of

defendants UNIVERSAL COMMUNICATIONS OF MIAMI, INC., BLUE HORIZON MEDIA,

INC., (collectively the "corporate defendants"), and DOUGLAS GOLLAN, CARL

RUDERMAN, GEOFFREY LURIE, and DAVID BERNSTEIN, (collectively the "individual

defendants") as follows:

1.  At all times relevant to this complaint, Plaintiff's residence was and is 277 West 10th
    Street - #4K, New York, New York, 10014.

2.  At all times relevant to this complaint, Defendant UNIVERSAL COMMUNICATIONS

    OF MIAMI, INC., doing business as Universal Media, (hereinafter "UNIVERSAL"), is a

    foreign Corporation doing business in New York at 801 Second Avenue, New York, New

    York, 10017.   Defendant UNIVERSAL is engaged in the publishing and media industry.

    One of Defendant UNIVERSAL's publications is called Elite Traveler Magazine.

3.  At all times relevant to this complaint, Defendant BLUE HORIZON MEDIA, INC.,

    (hereafter "HORIZON") is a domestic corporation whose principal place of business is

1

801 Second Avenue, New York, New York, 10017.   Defendant HORIZON is engaged in

the publishing and media industry.


4.   Upon information and belief, at all times relevant to this complaint, Defendant

DOUGLAS GOLLAN (hereafter "GOLLAN") is a resident of New York City.

5.   Upon information and belief, at all times relevant to this complaint, Defendant CARL

RUDERMAN (hereafter "RUDERMAN") is a resident of New York City.

6.   Defendant RUDERMAN is an employer as defined by the FLSA, 28 U.S.C. §204(d) and

generally under N.Y. Labor Law § 651(6).

7.   Upon information and belief, at all times relevant to this complaint, Defendant

GEOFFREY LURIE (hereafter "LURIE") is a resident of Nassau County, New York.

8.   Defendant LURIE is an employer as defined by the FLSA,  28 U.S.C. §204(d) and

generally under N.Y. Labor Law § 651(6).

9.   Upon information and belief, at all times relevant to this complaint, Defendant DAVID

BERNSTEIN (hereafter "BERNSTEIN") is a resident of New Jersey.

10. Defendant BERNSTEIN is an employer as defined by the FLSA, 28 U.S.C. §204(d) and

generally under N.Y. Labor Law § 651(6).

11. HORIZON is the employer and/or joint employer of Plaintiff and other similarly situated

employees, in that, among other things, Plaintiff's health insurance was in the name of

HORIZON, and Plaintiff was subject to the direction and control of administrative

personnel and officers of both corporate Defendants.  Upon information and belief, the

payment of wages, overtime and commissions was controlled by personnel of Defendant

HORIZON, acting as an agent of or joint employer with Defendant UNIVERSAL.

12. Defendant HORIZON is an employer as defined by the FLSA, 28 U.S.C. §204(d) and generally under N.Y. Labor Law § 651(6).

13. Defendant UNIVERSAL is an employer as defined by the FLSA, 28 U.S.C. §204(d) and generally under N.Y. Labor Law § 651(6).

14. HORIZON AND UNIVERSAL share offices, have common corporate officers, share personnel and payroll functions, share accounting functions, and operate under the same Human Resources policies and procedures. Upon information and belief, Defendant HORIZON controls the operation of Defendant UNIVERSAL as well as another media company called RAMP MEDIA, INC. (hereafter "RAMP").

15. Upon information and belief, each of the defendants was the agent, employee and/or joint venturer of, or working in concert with the co-defendants and was acting within the course and scope of such agency, employment and/or joint venture or concerted activity. To the extent that any conduct or omissions were perpetrated by certain defendants, the other defendant or defendants confirmed or ratified such conduct and omissions.

16. Plaintiff began her employment with Defendants UNIVERSAL and HORIZON to work on Elite Traveler Magazine in September 2002. Plaintiff's responsibilities were to sell advertising space in Defendants' Elite Traveler Magazine, an upscale Travel magazine. Plaintiff was employed for approximately one and a half years as Regional Director, Travel and Real Estate - Northeast/Midwest/Eastern Canada/Bermuda territory.

17. Plaintiff's immediate supervisor in this position was Defendant Douglas Gollan ("GOLLAN"), President and Editor-in-Chief of Elite Traveler Magazine, who has the authority to act on behalf of the corporation and who, amongst other things, can and has set employee's conditions of employment, e.g. rate of pay, schedules, benefits, etc.

Plaintiff job was to sell advertising space in the magazine. Her responsibilities involved traveling for trade shows and client meetings  Plaintiff was required to work from the New York City office, to attend weekly sales meetings, and to submit all of her notes concerning client contacts to her supervisor, GOLLAN.

18. When Plaintiff joined Defendants to work on Elite Traveler Magazine, she possessed over nine years of relevant experience in advertising sales for publications and periodicals.

19. During the first full year of employment with the corporate defendants Ms. Reiseck almost doubled the territory's billing from $600,000 to $1.1 million per year. During that first year, 2003, Ms. Reiseck was given a stellar performance review along with a $5,000 net bonus check and a gift of a $6,000 watch for sales achievements.

20. Plaintiff was told by Defendant GOLLAN, Defendant RUDERMAN, Chairman of Universal Media, and Daniel Wade, Executive Vice President of Elite Traveler Magazine, that she was doing an outstanding job with the company.  Plaintiff's 2004 performance also showed an outstanding growth in sales and achievements.

21. On or about December 5, 2003, Defendant GOLLAN began to question Plaintiff about how she spent her personal time traveling to Florida on some weekends and expressed his disapproval of that activity.

22. Throughout December 2003 and early January 2004, Defendant GOLLAN told Plaintiff that her further employment with the company was conditioned on her halting her recreational activity of traveling to Florida.

23. Upon information and belief, another employee of Defendant HORIZON named Richard Ammon, a male, commutes to work from Florida and is lodged in a New York City hotel each week at company expense.

4

24. On or about January 15, 2004, Defendant GOLLAN sent Ms. Reiseck an email informing her of "a transition plan" and that the company was looking for her replacement.

25. On or about January 27, 2004, Defendant GOLLAN advised Plaintiff that if she stopped traveling to Florida she could continue her employment with the company. At that time, Defendant GOLLAN also began to spread rumors throughout the company and to employees of other industry magazines that plaintiff was moving to Florida, thereby undermining her ability to find future suitable employment in the industry.

26. On or about February 9, 2004, an email was sent company wide by Defendant GOLLAN announcing that Tiffany Raif had been hired to replace Plaintiff, effective February 16, 2004. By this action, Plaintiff was effectively dismissed from employment.

27. Plaintiff has been unable to secure comparable employment in the advertising industry due to the rumors maliciously spread by Defendant GOLLAN through the advertising/ trade publications community.

28. Between February and April 2004 numerous attempts were made by the plaintiff to collect unpaid commissions due to her from Defendants UNIVERSAL and HORIZON based on the compensation plan in effect during her period of employment.

29. Upon information and belief, in the advertising sales industry, commissions are either earned on billed sales, or are earned only after accounts are collected. When commissions are earned on collected amounts only, sales persons are advised to perform credit checks on the accounts to ensure that payment will be made. When the company practice is to pay commissions based on billing levels only, and credit applications are not required, the company assumes the risk for any non-payment of accounts.

30. No credit applications were ever required by Elite Travelers' sales persons of the accounts serviced. Defendants, by their actions assumed the risk of non-payment of these accounts.

31. On February 9, 2004, Plaintiff was informed by an agent of Defendants UNIVERSAL and HORIZON that there was a "change" to her commissions already earned, and that now commission amounts due were to be subject to payments being received on the account. Further, she was informed that Defendants were holding a reserve amount of 20% on all sales previously billed to cover for future uncollectible amounts.

32. Upon information and belief, Defendants never held back payment of commissions to anyone who previously left its employ.

33. Plaintiff was not paid any overtime wages during her employment with Defendants.

34. Plaintiff, and other similarly situated employees, were erroneously classified under sections 7 and 13 of the Fair Labor Standards Act and under 12 NYCRR 142.2-2 as "exempt" employees during the time that Plaintiff worked for Defendants.

35. The responsibility of Plaintiff's position was to sell advertising space. Plaintiff did not supervise anyone, nor did she exercise discretion in setting prices for the advertising space.

36. Plaintiff is entitled to overtime pay for all hours worked over forty (40) hours in a work week.

37. Plaintiff customarily worked out of the New York office. She was required to report to work each day at her office except for when Plaintiff was required to travel for business.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT UNIVERSAL
## UNDER NEW YORK LABOR LAW § 201-d

38. Plaintiff reiterates and realleges paragraphs "1" through "37" above as if more fully set forth herein.

39. Traveling is a hobby of the plaintiff, a hobby which plaintiff takes great enjoyment and pleasure in. Travel is also a hobby which serves the plaintiff in her job activity and is one of the basis' of plaintiff's choice of occupation.

40. Plaintiff's recreational activities were lawful, leisure time activities, for which the plaintiff received no compensation and was engaged in by the plaintiff for recreational purposes.

41. Plaintiff's traveling took place off the employer's premises, without use of the employer's equipment or other property.

42. Plaintiff's traveling did not create a conflict of interest relating to the employer's business, as her hobby did not impact her availability to her employer, her work performance, or her commitment to her work. Plaintiff's purely recreational hobby of traveling involved no proprietary interests of the employer's, nor did it involve the divulgence of any employer trade secrets or compromising of any business interests.

43. Termination of the plaintiff for her pursuit of her hobby of personal travel on weekends is a violation of New York Labor Law § 201-d.

44. As a result of Defendant UNIVERSAL's unlawful acts, Plaintiff has suffered and will continue to suffer injury unless and until this Court grants relief.

45. Plaintiff seeks compensatory damages of loss of earnings and all benefits of her position, anguish and pain and suffering, along with reasonable attorneys fees and costs.

46. The conduct of Defendant UNIVERSAL was malicious and intentional and of no redeeming social value, requiring the imposition of punitive damages.

7

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## UNIVERSAL, HORIZON AND GOLLAN
## - NEW YORK STATE HUMAN RIGHTS LAW

47. Plaintiff repeats and realleges paragraphs "1" through "46" above as if more fully set forth herein.

48. Defendants UNIVERSAL and HORIZON, along with Defendant GOLLAN, who aided and abetted in the discriminatory conduct, treated the Plaintiff herein differently from its male employees on the basis of sex. Defendants by their actions have discriminated against the plaintiff on the basis of sex in violation of New York Human Rights Law, Executive Law § 290 et seq.

49. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages for lost wages and benefits, including damages for mental anguish and humiliation unless and until this Court grants relief. Defendants willfully and maliciously engaged in these discriminatory practices for no valid business reason.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## UNIVERSAL, HORIZON AND GOLLAN
## - NEW YORK CITY ADMINISTRATIVE CODE

50. Plaintiff repeats and realleges paragraphs "1" through "49" above as if more fully set forth herein.

51. Defendants UNIVERSAL and HORIZON, along with Defendant GOLLAN, who aided and abetted in the discriminatory conduct, treated the Plaintiff herein differently from its male employees on the basis of sex. Defendants by their actions have discriminated

against the Plaintiff on the basis of sex in violation of the Administrative Code of the City of New York, § 8-101 et seq.

52. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages for lost wages and benefits, including damages for mental anguish and humiliation unless and until this Court grants relief. Defendants willfully and maliciously engaged in these discriminatory practices for no valid business reason.

53. Pursuant to the Administrative Code, § 8-502(c), plaintiff has served a copy of this amended complaint upon the New York City Human Rights Commission and the Corporation Counsel of the City of New York.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS - NEW YORK LABOR LAW § 190 et seq.

54. Plaintiff repeats and realleges paragraphs "1" through "53" above as if more fully set forth herein.

55. Defendants UNIVERSAL and HORIZON have willfully withheld earned commissions due Plaintiff through February 9, 2004 in violation of New York Labor Law § 191-c, in an amount to be determined at trial, but not less than $4,500.

56. The individual Defendants are employers as defined in the Labor Law and its regulations, and are individually responsible.

57. As a result of Defendants' unlawful actions, Plaintiff seeks double damages, attorney fees, costs and disbursements as provided for in the Labor Law.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## - FAIR LABOR STANDARDS ACT

58. Plaintiff repeats and realleges paragraphs "1" through "57" above as if more fully set forth herein.

59. Defendants' willful failure to pay Plaintiff overtime pay for work over 40 hours per week violates the FLSA, 29 U.S.C. § 201 et seq. and the supporting federal Department of Labor regulations in effect at the time of Plaintiff's employment.

60. As a result of Defendants' unlawful actions, Plaintiff seeks unpaid overtime pay, liquidated damages, attorney fees, costs and disbursements as provided for in the FLSA.

## SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## - NEW YORK STATE OVERTIME LAW

61. Plaintiff repeats and realleges paragraphs "1" through "60" above as if more fully set forth herein.

62. Defendants' willful failure to pay Plaintiff overtime pay for work over 40 hours per week violates New York State Labor Law §§ 190 et. seq. and 650 et seq. and the supporting New York State Department of Labor regulations in effect at the time of Plaintiff's employment.

63. As a result of Defendants' unlawful actions, Plaintiff seeks unpaid overtime pay, liquidated damages, attorney fees, costs and disbursements as provided for in the New York Labor Law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

10

ON THE FIRST CAUSE OF ACTION

a)      directing Defendant UNIVERSAL to make plaintiff whole for all sums she would have received but for Defendants' unlawful treatment, including, but not limited to, wages, bonuses, commissions and all lost benefits, in additional to counsel fees and disbursements; and

b)      awarding punitive damages in an amount to be determined at trial;


ON THE SECOND CAUSE OF ACTION

a)      awarding compensatory damages in an amount to be determined at trial;

ON THE THIRD CAUSE OF ACTION

a)      awarding compensatory and punitive damages in an amount not yet ascertained; and awarding plaintiff reasonable attorney fees and costs of this action;

ON THE FOURTH CAUSE OF ACTION

a)      awarding compensatory damages of the amount of unpaid commissions; and

b)      awarding plaintiff reasonable attorney fees and costs of this action;

ON THE FIFTH CAUSE OF ACTION

a)      awarding unpaid overtime pay;

b)      awarding liquidated damages;

c)      awarding plaintiff reasonable attorney fees and costs of this action;


ON THE SIXTH CAUSE OF ACTION

a)      awarding unpaid overtime pay;

b)      awarding liquidated damages;

c)      awarding plaintiff reasonable attorney fees and costs of this action;

11

and for such other and further relief, including interest, costs and disbursements, as this Court

shall deem just and proper.


Dated: Syosset, N.Y.
      August 18, 2005

                             By:    _____

                                    John K. Diviney, Esq.
                                    ALAN B. PEARL & ASSOC., P.C.
                                    6800 Jericho Turnpike - Suite 218E
                                    Syosset, NY 11791
                                    (516) 921-6645

12

I hereby give my consent for an action to be brought on my behalf for the recovery of unpaid overtime, liquidated damages, and all other available relief, pursuant to the Fair Labor Standards Act and New York State Labor Law governing overtime wages, along with the supporting Department of Labor and New York State Department of Labor regulations in effect at the time of my employment with Defendants herein.

Lynore Reiseck

## **VERIFICATION**

John K. Diviney, an attorney duly admitted to practice before the courts of the State of New York, affirms the following to be true, upon information and belief, under penalty of perjury:

1.     That I am a member of ALAN B. PEARL & ASSOCIATES, P.C., attorneys for the plaintiff in the above captioned action. I make this affirmation in accordance with CPLR 3020.

2.     I have read the within Amended Complaint and know the contents thereof to be true, except to those matters alleged upon information and belief, and as to those matters, your affirmant believes them to be true.

3.     The grounds upon which affirmant bases his belief regarding those matters not stated upon your affirmant's knowledge are: extensive interviews with plaintiff, examination of emails, letters, paystubs, and commission printouts.

4.     This verification is made by your affirmant and not by plaintiff for the following reason: Plaintiff resides outside the County where affirmant maintains his office.

Dated: Syosset, N.Y.
        August 18, 2005


                                        John K. Diviney

## AFFIDAVIT OF SERVICE BY REGULAR MAIL

STATE OF NEW YORK       )
                                ) ss.:

COUNTY OF NEW YORK     )

I, **NELLYA DYM**, being duly sworn, say:

I am not a party to the within action, am over 18 years of age, and reside in Brooklyn, New York.

On February 3, 2006, I served the within:

### NOTICE OF FILING OF NOTICE OF REMOVAL

by delivering a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following:

*Alan B. Pearl & Associates, P.C.*
6800 Jericho Turnpike – Suite 218E
Syosset, New York 11791

 

**NELLYA DYM**

Sworn to before me this
3rd day of February, 2006

Notary Public

SUSAN KAPLAN
Notary Public, State of New York
No. 01KA5008179
Qualified in Kings County
Commission Expires February 15, 20___