**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**LYNORE REISECK,**

**Plaintiff,**

**-against-**

**UNIVERSAL COMMUNICATIONS OF MIAMI, INC., d/b/a UNIVERSAL MEDIA, BLUE HORIZON MEDIA, INC., DOUGLAS GOLLAN, CARL RUDERMAN, GEOFFREY LURIE, and DAVID BERNSTEIN in their individual and corporate capacities,**

**Defendants.**

**Docket No. 06-CV-0777**

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

**KANE KESSLER, P.C.**
*Attorneys for Defendants*
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ *ii*

PRELIMINARY STATEMENT ........ 1

FACTUAL BACKGROUND ........ 2

POINT I
THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF FALLS WITHIN THE "OUTSIDE SALESPERSON" EXEMPTION ........ 2

A. The Undisputed Facts Establish that Plaintiff's Role Was that of an Outside Salesperson ........ 2

B. Plaintiff's Work at Universal's New York Office was Incidental to and in Connection with her Outside Sales Activities ........ 6

POINT II
THE UNDISPUTED FACTS ALSO ESTABLISH THAT PLAINTIFF FALLS WITHIN THE "COMMISSION SALESPERSON" EXEMPTION ........ 10

CONCLUSION ........ 12

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Boisseau v. Mitchell,
218 F. 2d 734 (5th Cir. 1955) ....................11

Chenensky v. New York Life Insurance Co.,
2009 WL 4975237 (S.D.N.Y. 2009)....................3

Collins v. Horizon Training Centers, L.P.,
2003 WL 22388448, at *5 (N.D.Tex., 2003)....................11

Fields v. AOL Time Warner, Inc.
261 F.Supp.2d 971 (W.D.Tenn. 2003)....................3, 8

In re Novartis Wage & Hour Litig.,
593 F.Supp.2d at 648 (S.D.N.Y. 2009)....................3

Resnick v. M & R Baking Co., Inc.,
1970 WL 2793 ....................8

Schmidt v. Eagle Waste & Recycling, Inc.
598 F.Supp.2d 928 (W.D.Wis. 2009) ....................3

Schwind v. EW & Associates, Inc.,
371 F.Supp.2d 560 (S.D.N.Y. 2005)....................11

**STATUTES**

29 C.F.R. §541.5 ....................6, 7, 9
29 C.F.R.§541.5(b) ....................7
29 C.F.R. § 541.503 ....................7
29 C.F.R. § 779.317 ....................11
29 C.F.R. § 779.318(b) ....................11
29 C.F.R. §779.332 ....................11
29 C.F.R. § 779.412 ....................10
12 NYCRR § 142-2.2 ....................1
29 U.S.C. § 206....................10
29 U.S.C. § 207(i) ....................10, 11, 12
29 U.S.C. § 213(a)(1)....................*passim*

## PRELIMINARY STATEMENT

Defendants Universal Communications of Miami, Inc. ("Universal"), Blue Horizon Media, Inc., Douglas Gollan, Carl Ruderman, Geoffrey Lurie, and David Bernstein ("collectively, "Defendants"), by their attorneys, Kane Kessler, P.C., submit this supplemental memorandum of law in opposition to Plaintiff's cross-motion for partial summary judgment and in further support of their motion for summary judgment dismissing Plaintiff's claims under the FLSA and NYLL for overtime pay.

On the appeal of this Court's decision on the parties' respective motions for summary judgment, the Second Circuit Court of Appeals upheld this Court's dismissal of all of Plaintiff's claims with the exception of her claims for overtime pay under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). The Second Circuit vacated this Court's decision with respect to those claims, which was based on the "administrative employee" exemption and remanded the issue for a determination as to whether Plaintiff falls within the "outside salesperson" or "commissioned salesperson" exemptions from the overtime pay provisions of the FLSA and NYLL, since this Court had not ruled on those issues.[1]

As set forth below, the undisputed facts establish that Plaintiff's duties and responsibilities while working at Universal made her both an "outside salesperson" and a "commissioned salesperson" such that she was exempt from the overtime pay provisions of the FLSA and NYLL.[2]

---

[1] Both issues are briefed extensively and more fully in Defendants' October 26, 2007 and February 22, 2008 Memoranda of Law previously submitted in support of their summary judgment motion. Defendants respectfully refer the Court to those papers, and Defendants' affidavits in support of their motion, courtesy copies of which have been submitted to the Court along with a copy of this Memorandum.

[2] As more fully set forth in Defendants' moving papers, pursuant to the regulation which implements the New York State Labor law §§ 190 et seq. and 650 et seq., under which Plaintiff has sued, the FLSA standards are to be applied in determining exemptions from New York State overtime laws. See 12 NYCRR § 142-2.2. Since Plaintiff is necessarily exempt under the NYLL if she is exempt under the FLSA, the discussion in this brief is limited to the FLSA.

The Court should therefore grant summary judgment in favor of Defendants on Plaintiff's remaining claims for overtime pay, deny Plaintiff's cross-motion for partial summary judgment and dismiss Plaintiff's Amended Complaint.

## FACTUAL BACKGROUND

The relevant facts and procedural history are more fully set forth in the October 26, 2007 affirmation of Gillian Overland ("Overland Aff."), the October 26, 2007 affidavit of Douglas Gollan, the October 15, 2007 affidavit of David Bernstein, the October 24, 2007 affidavit of Carl Ruderman, the October 15, 2007 affidavit of Geoffrey Lurie and Defendants' October 26, 2007 Rule 56.1 Statement of Undisputed Facts submitted in support of their summary judgment motion, to which the Court is respectfully referred.

## POINT I

## THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFF FALLS WITHIN THE "OUTSIDE SALESPERSON" EXEMPTION

As previously set forth in Defendants' prior memoranda of law in support of their motion for summary judgment and in opposition to Plaintiff's cross-motion for partial summary judgment[3], the evidence, including Plaintiff's own testimony, clearly establishes that Plaintiff worked as an outside salesperson for Universal for purposes of 29 U.S.C. § 213(a)(1), which exempts employees employed in the capacity of "outside salesman" from the FLSA's requirements, including the overtime pay provision.

### A. The Undisputed Facts Establish that Plaintiff's Role Was that of an Outside Salesperson

As more fully discussed in Defendants' prior memoranda, courts determining whether to apply the "outside salesperson" exemption to the overtime provisions of the FLSA have

[3] See Defendants' October 26, 2007 Memorandum at pp. 19-22; Defendants' February 22, 2008 Memorandum at pp. 3-6.

identified various factors indicative of whether an employee is an outside salesperson. In Chenensky v. New York Life Insurance Co., No. 07 Civ. 11504, 2009 WL 4975237 (S.D.N.Y. 2009), the court, considering whether an insurance agent qualified as an "outside salesman," observed that "hallmark activities" of the employee, indicating an outside salesperson role include:

> (1) whether the employee generates commissions for himself through work, (2) the level of supervision of the employee, (3) the amount of work done away from the employer's place of business, (4) whether the employee independently solicits new business, and (5) the extent to which the employee's work is unsuitable to an hourly wage.

Id. at *5, citing In re Novartis Wage & Hour Litig., 593 F.Supp.2d at 648-49 (S.D.N.Y. 2009); Schmidt v. Eagle Waste & Recycling, Inc. 598 F.Supp.2d 928, 932 (W.D.Wis. 2009)(finding that exemption requires "only that an employee be away from the office when conducting her primary duties").

The court in Chenensky determined that an insurance agent who acted as a "counselor and advisor" to his clients but had the primary duty of selling insurance and spent the majority of his time outside of the office making sales qualified as an exempt outside salesperson and granted summary judgment to the employer on the agent's FLSA claim for overtime pay. (*5-*7). See also Fields v. AOL Time Warner, Inc. 261 F.Supp.2d 971, 975 (W.D.Tenn. 2003) (finding "outside salesperson" exemption applicable and granting summary judgment in favor of cable provider where sales representatives regularly and customarily engaged in selling cable services away from the provider's office, determined their own hours and schedules, were responsible for soliciting new business and spent the majority of their time away from the office).

In the present case, as more fully established in Defendants' prior memoranda, it is undisputed that Plaintiff's job entailed traveling for trade shows, sales meetings and client

meetings to sell advertising space in Elite Traveler magazine and entertaining clients outside of the office and that Plaintiff was responsible for generating new business. See Defendants' October 26, 2007 Memorandum at pp.19-21; Defendants' February 22, 2008 Reply Memorandum at p. 3. In performing these duties, Plaintiff earned around $150,000 per year in salary and commissions.

In her January 4, 2008 Affidavit (the "Reiseck Aff.") in opposition to Defendants' motion, Reiseck indicated that her duties as an advertising salesperson at Universal included "soliciting sales, maintaining and developing client relations, obtaining advertising schedules and rates, attending conferences and trade shows, having one-on-one meetings with clients, meeting with advertising agencies, entertaining clients, submitting proposals and corresponding with clients" (Reiseck Aff. at ¶ 35; see also id. at 51-54) and that her job required "a willingness to travel during the week and on the weekends to attend trade shows, conferences and meet with clients and a willingness to entertain during evenings and nights" Reiseck Aff. ¶ 30; See also February 1, 2007 Deposition Transcript of Lynore Reiseck ("Reiseck Tr."), Ex. "I" to Overland Aff. at 34:4-34:10 ("I would travel extensively…I would have to travel, I would have to be okay with traveling on weekends, on nights…I would have to be open to entertaining…) Plaintiff indicated during her deposition that she was regularly requested to be at conventions, conferences and sales calls outside of the New York area. Reiseck Tr. at 289:23-290:6.

Plaintiff also testified that the majority of her time was spent outside of the New York office of Universal – with 50% of her time spent visiting clients outside of New York and some portion of her time in New York being spent on local sales calls, trade shows and conferences:

> Q: Approximately, if you can, how much of your time was spent visiting clients outside of New York?
>
> A: 50-50.

> Q: So, are you able to approximate when you were not visiting clients outside of New York, approximately how much of your time was actually sitting in your office versus visiting clients outside the office?
>
> A. When I was in New York, I'd say, on average, I might have had one call a day outside the office. Obviously, give or take the season, whatnot, that could shift, you know, with more intensity versus less intensity at different times. For the most part, I would be out for maybe half an hour, and hour and a half a day.
>
> * * *
>
> Q: What are the purposes you had to go outside of New York as part of your job other than to make sales calls on clients, like events, trade shows, things like that?
>
> A: Yes, but I was still seeing the client.
>
> * * *
>
> Q: Did you have to go to trade events as well as trade conferences outside the office in New York as well?
>
> A: Yes.
>
> Q: Were those trade conferences in New York outside the office?
>
> A: Yes.

Reiseck Tr. at 323:18-323:21,[4] 324:31-326:22. The fact that Plaintiff spent 50% of her time visiting clients outside of New York and that Plaintiff spent a fair amount of her time in New York attending conferences, trade shows and sales calls clearly demonstrates that Plaintiff spent the majority of her time outside of the office.

Plaintiff does not dispute that she earned commissions on sales of advertising and admits that she was responsible for developing her own new clients. Reiseck Aff. at ¶¶ 32, 77, 6.

---

[4] In Plaintiff's April 29, 2010 Memorandum in support of her motion for partial summary judgment, she accuses Defendants of "misstating the record" claiming that she did not testify to spending 50% of her time outside of New York. See Plaintiff's April 29, 2010 Memorandum at p. 5. It is evident from Plaintiff's testimony cited herein that she testified to have spent 50% of her time "visiting clients outside of New York."

Plaintiff's deposition testimony also establishes that she often had irregular hours that would be dictated by the schedule she had planned for her sales calls, entertaining clients and traveling outside of the office. See Reiseck Tr. 302:2-303:16. It was also clear that Plaintiff had a significant amount of control over her own hours and made in independent decisions regarding key components of her job. Reiseck Tr. 301:6-303:3; 320:10-323:17.

It is thus undisputed that Plaintiff's role and responsibilities exhibit all of the characteristics of an "outside salesperson" within the meaning 29 U.S.C. 213(a)(1) and as defined in the applicable regulations and case law.

**B. Plaintiff's Work at Universal's New York Office was Incidental to and in Connection with her Outside Sales Activities**

In her April 29 supplemental memorandum in further support of her motion for partial summary judgment, Plaintiff does not dispute that she was responsible for sales outside of the office or that she regularly made sales calls outside of the office. Rather, Plaintiff attempts to make much of the fact that she was based out of Universal's New York office and conducted work out of that office and attempts to classify herself as an "inside salesperson," as opposed to an outside salesperson (Plaintiff's April 29, 2010 Memorandum at pp. 3-5). The mere fact that Plaintiff happened to be based out of the New York office of Universal or spent time working in that office has no bearing on whether or not she is considered an "outside salesperson" for purposes of 29 U.S.C. §213(a)(1).

In citing the text of the 29 C.F.R. §541.5, the applicable regulation defining an "outside salesman" for purposes of 29 U.S.C. §213(a)(1), Plaintiff conveniently ignores and omits from her quotation of the regulation an important component of the definition. The regulation provides that the term "outside salesman" shall include any employee

(a) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business in:

(1) Making sales within the meaning of section 3(k) of the Act; or,
(2) Obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and,

(b) Whose hours of work of a nature other than that described in paragraph (a)(1) or (2) of this section do not exceed 20 percent of the hours worked in the workweek by nonexempt employees of the employer: Provided, that *work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work.*

29 C.F.R. § 541.5 (emphasis added). In what can only be construed as an effort to mislead the Court, Plaintiff leaves out and fails to discuss the portion of 29 C.F.R.§541.5(b) providing that work performed incidental to an in conjunction with an employee's outside sales is ***not*** regarded as nonexempt work for purposes of 29 U.S.C. § 213(a)(1). The regulations further specify that "work performed 'incidental to and in conjunction with the employee's own outside sales or solicitation' includes not only incidental deliveries and collections ... but also *any other work performed by the employee in furthering his own sales efforts*." 29 C.F.R. § 541.503 ("Work performed incidental to and in conjunction with the employee's own outside sales or solicitations would include, among other things, the writing of his sales reports, the revision of his own catalog, the planning of his itinerary and attendance at sales conference").

The undisputed evidence establishes that the work performed by Plaintiff in the New York office was incidental to and in conjunction with her outside sales and solicitation of clients. Plaintiff admits in her Affidavit that she spent her time at the office " performing work incidental to sales" such as "preparing for sales calls, working with a sales assistant to create sales proposals, meeting with clients outside of the office and determining how much to quote a client." Reiseck Aff. at ¶ 52. It is of no consequence that Plaintiff claims to have written sales

proposals in Defendants' New York office or that she happened to complete the majority of her sales transactions there (Plaintiff's April 29, 2010 Memorandum at p. 5) because all of those activities were in furtherance of her own outside sales and solicitation of clients. See, e.g. Resnick v. M & R Baking Co., Inc., 1970 WL 2793, 19 Wage & Hour Cas. (BNA) 811, 63 Lab.Cas. P 32,370 (E.D.N.Y. 1970) (granting summary judgment to an outside salesperson's employer, reasoning that the employee primarily performed outside sales and, with respect to his non-sales activities, reasoning that inquiry into the quantum of non-sales activity was irrelevant where that activity was incidental to and in conjunction with the plaintiff's own outside sales and solicitations); Fields v. AOL Time Warner, supra 261 F.Supp.2d at 975 (sales representatives whose duties included auditing residential customers for bad debt in addition to selling cable services were "outside salesmen" because non-sales duties were "incidental to and in conjunction with" sales or solicitation activities). Plaintiff does not identify a single fact to demonstrate that any of the tasks she performed while working from the New York office were non-exempt tasks.

Plaintiff also describes the testimony of various individuals out of context to suggest that she is not an outside salesperson. Plaintiff first claims that she was an "inside salesperson" because Defendant Gollan testified that Universal's salespeople worked in the office and that he expected Universal's sales staff to be in the office by approximately 9:30 every day (Plaintiff's April 29, 2010 Memorandum at p. 3). Plaintiff leaves out the fact that Mr. Gollan was merely testifying about "informal policies or procedures concerning when the workday started" (February 2, 2007 Deposition Transcript of Douglas Gollan ("Gollan Tr."), Ex. 'K' to Overland Aff. at 35:14-16) and that Gollan went on to explain that he merely wanted to know if salespeople were out on a sales call if they did not happen to be in the office. Id. at 36:1-5. It is clear from Gollan's testimony that, while salespeople may have been expected to spend certain

hours in the office when they were not out making sales calls, they were also regularly and customarily out of the office on sales calls.

Plaintiff next cites Defendant Carl Ruderman's testimony out of context to argue that Plaintiff was an "inside" salesperson (Plaintiff's April 29, 2010 Memorandum at p. 3). While Ruderman certainly testified that Plaintiff was expected to be in the New York office and worked out of the New York office when she was not traveling, he also made it clear that Plaintiff was expected to visit clients and attend trade shows and that advertising salespeople at Universal based in the New York office were expected to "go out and travel" to sell advertising:

> Q: I'm just asking what was your expectation of what your salespeople…
>
> A: My expectation?
>
> Q: Yes.
>
> A: My expectation was that they should be getting ad pages. *I assume they had to go out and travel to get i*t, and they worked – all worked out of the New York office that were, you know, company based.

February 15, 2007 Deposition Transcript of Carl Ruderman ("Ruderman Tr.") at 58:22-59:2 (emphasis added)

Plaintiff also cites the deposition testimony of Defendant Bernstein, in which Bernstein testified regarding the procedure for payment of commissions to "in house" sales representatives versus "outside sales reps" at Universal, when questioned about the procedure for payment of commissions to sales representatives. While Bernstein did indicate that there were two categories of sales representatives at Universal that were compensated differently, Bernstein's mere labeling of certain salespeople at Universal as "in house" sales representatives in passing when testifying about an entirely different topic (compensation structure) cannot demonstrate that Plaintiff was not an "outside salesman" as defined by 29 U.S.C. § 213(a)(1) or 29 C.F.R. §

541.5. In his testimony, Bernstein was not attempting to define Plaintiff's role for purposes of the statute, nor is he qualified to do so. Indeed, the undisputed evidence demonstrates that Plaintiff's duties at her job place her squarely within the definition of an "outside salesperson" for purposes of section 213(a)(1).

## POINT II

## THE UNDISPUTED FACTS ALSO ESTABLISH THAT PLAINTIFF FALLS WITHIN THE "COMMISSION SALESPERSON" EXEMPTION

As more fully set forth in Defendants' prior memoranda[5], the exemption for commissioned salespersons at retail establishments set forth in 29 U.S.C. § 207(i) also applies to Plaintiff, making her exempt from the overtime pay provisions of the FLSA and NYLL. That section provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

Thus, to be entitled to the commissioned salesperson exemption, an employer must demonstrate that: (1) the employee was employed by a retail or service establishment; (2) the employee's regular rate of pay exceeded one and one-half times the minimum hourly rate; and, (3) more than half of the employee's compensation for a representative period (not less than one month) represented commissions on goods or services. 29 U.S.C. § 207(i); 29 C.F.R. § 779.412.

Plaintiff does not dispute that she made in excess of one and a half times the minimum hourly rate applicable to her under 29 U.S.C. § 206 or that more than half of her compensation

[5] See Defendants' February 22, 2008 Memorandum at pp. 9-14.

represented commissions on goods or services. Rather, Plaintiff argues that Universal is a "magazine publisher" and did not constitute a "retail or service establishment" for purposes of the statute after having previously conceded that Universal is a "retail or service establishment" within the meaning of the FLSA (See Plaintiff's January 11, 2008 Memorandum of Law at p. 9). In support of her argument, Plaintiff cites 29 C.F.R. § 779.317, which lists "newspaper and magazine publishers" as establishments to which the retail concept typically does not apply.

While Universal does happen to be in the business of publishing magazines, the fact that Elite Traveler, the magazine that Plaintiff sold advertising for, is distributed free of charge and derives revenue exclusively from advertising sales makes it a retailer for purposes of 29 U.S.C. § 207(i). 29 C.F.R. §779.332 defines a retail or service establishment as "an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." 29 C.F.R. § 779.318(b) explains that "[t]he legislative history of the section 13(a)(2) exemption for certain retail or service establishments shows that Congress intended that the retail exemption extend in some measure beyond consumer goods and services to embrace certain products almost never purchased for family or noncommercial use." There is thus no bright line rule for determining whether an establishment is a "retail or service establishment" – the determination is made on a case-by-case basis. See, Schwind v. EW & Associates, Inc., 371 F.Supp.2d 560 (S.D.N.Y. 2005), citing Collins v. Horizon Training Centers, L.P., No. 02 Civ. 1310, 2003 WL 22388448, at *5 (N.D.Tex., 2003).

As more fully set forth in Defendants' prior memoranda, selling advertising space directly to companies has been recognized as a retail service in the advertising industry. See 29 C.F.R. §779.332; Boisseau v. Mitchell, 218 F. 2d 734 (5th Cir. 1955) (where employer was

engaged in the business of printing advertising circulars and advertising materials, employer was entitled to exemption from FLSA on the grounds that it was a retail establishment). Plaintiff does not dispute the fact that Universal is in the business of selling advertising space in Elite Traveler or that Universal's advertising services are not for resale. Given that the Elite Traveler is distributed for free, Universal does not derive revenue from sales or subscriptions of the magazine itself, as "magazine publishers" typically do. Instead, it operates as a retailer of advertising services.

Because Universal is a retailer of advertising services and because Plaintiff does not dispute that she meets any of the other requirements of 29 U.S.C. § 207(i), Plaintiff is exempt from the overtime pay requirements of the FLSA as a "commissioned salesperson."

## CONCLUSION

For all of the foregoing reasons and principles of law, and those set forth in Defendants' prior memoranda, Defendants respectfully request that the Court grant summary judgment in their favor on Plaintiff's remaining claims, that Plaintiff's Amended Complaint be dismissed in its entirety and that Plaintiff's cross-motion for partial summary judgment be denied, together with such other, further and different relief as to the Court seems just and proper.

Dated: New York, New York
May 18, 2010

**KANE KESSLER, P.C.**

By:______________________________
S. Reid Kahn (SRK-1458)
Sarah Bawany Yousuf (SY-0305)
Attorneys for Defendants
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222