UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LYNORE REISECK,                                                          Case No.: 06 Cv. 777 (TPG)

                      Plaintiff,

                -against-                                                     **RULE 56.1 STATEMENT**

UNIVERSAL COMMUNICATIONS OF MIAMI, INC.,
d/b/a UNIVERSAL MEDIA, BLUE HORIZON MEDIA,
INC., DOUGLAS GOLLAN, CARL RUDERMAN,
GEOFFREY LURIE, and DAVID BERNSTEIN in their
individual and corporate capacities,

                      Defendants.
------------------------------------------------------------------X

       Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant Geoffrey Lurie ("Lurie"), by his attorneys, Certilman Balin Adler & Hyman, LLP, hereby submits the following statement of the material facts as to which it is contended that there exists no genuine issues to be tried:

       1.      Defendant Geoffrey Lurie is the former Vice Chairman of Defendants Universal Communications of Miami d/b/a Universal Media ("Universal") and Blue Horizon Media, Inc. ("Blue Horizon"), but has had no involvement with these entities since mid-2009. *See* Affidavit of Geoffrey Lurie sworn to on February 8, 2012 ("Lurie Aff."), at ¶ 2.

       2.      Mr. Lurie never had any involvement in the day to day operations of Universal, nor was he involved in the hiring or firing of Universal employees. *See* Lurie Aff., ¶ 2; *see also* Declaration of Douglas E. Rowe dated February 10, 2012 ("Rowe Decl."), Exhibit "C" ("Lurie Depo. Tr."), at 6:14-6:25.

       3.      Universal had its own employment practices, which were not set or overseen by Blue Horizon. *See* Lurie Aff., at ¶ 4.

       4.      Mr. Lurie was never aware of any Universal policy that restricted employees from

traveling on weekends. *See* Lurie Aff., at ¶ 5.

5. Mr. Lurie never had any oversight or responsibility for hiring employees of Universal. *See* Lurie Aff., at ¶ 6.

6. The hiring and firing at Universal was handled by Defendant Douglas Gollan ("Gollan"). *See* Lurie Aff., at ¶ 6; *see also* Rowe Decl., Ex. "D" ("Gollan Depo. Tr."), at 52:16-52:25; 123:14-125:2; *see also* Rowe Decl., Ex. "F" ("Reiseck Aff."), at ¶ 5.

7. Gollan was responsible for determining the salary, commissions and other benefits which were given to Universal employees. *See* Lurie Aff., at ¶ 7; *see also* Gollan Depo. Tr., at 52:16-52:25; 123:14-125:2.

8. Mr. Lurie had no involvement in the hiring of Plaintiff at Universal and did not even meet Plaintiff until after she began her employ with the company. *See* Lurie Aff., at ¶ 8; *see also* Lurie Depo. Tr., at 21:18-22:24; 23:13-23:16; 23:21-23:24.

9. Mr. Lurie did not oversee or participate in the performance reviews of any employees at Universal, including Plaintiff. Mr. Lurie did not supervise Plaintiff, evaluate her work performance, or have any input regarding the financial terms under which she was hired. *See* Lurie Aff., at ¶ 9; *see also* Lurie Depo. Tr., at 23:24-24:23.

10. Mr. Lurie was never involved with classifying employees as salaried or hourly at Universal or Blue Horizon. *See* Lurie Depo. Tr., at 17:22-18:10.

11. Mr. Lurie was never involved with establishing or keeping track of the duties of Universal's or Blue Horizon's salespeople, including Plaintiff. *See* Lurie Depo. Tr., at 23:17-23:20.

12. Mr. Lurie was never involved with establishing or maintaining the compensation or commission plans of the individual salespeople at Universal or Blue Horizon, including Plaintiff. *See* Lurie Depo. Tr., at 25:20-25:25; 32:10-32:15.

2
2455883.1

13. Gollan was the person at Universal who interviewed Plaintiff, offered her a job, and was Plaintiff's immediate supervisor during her employment. *See* Reiseck Aff., at ¶¶ 27-31, 34, 43-47, 49.

14. Gollan had direct control over Plaintiff's employment such as providing Plaintiff with a roster of clients throughout her employment and providing guidelines and pricing limitations to Plaintiff. *See* Reiseck Aff., at ¶¶ 59-64.

15. Gollan was responsible for conducting Plaintiff's performance reviews, supervising Plaintiff, and having input regarding the financial terms under which was hired. *See* Lurie Aff., at ¶ 10; *see also* Gollan Depo. Tr., at 52:16-52:25; 123:14-125:2; *see also* Reiseck Aff., at ¶¶ 27-31, 34, 43-47, 49, 67-70, 74-76.

16. Mr. Lurie had no involvement in the circumstances surrounding Plaintiff's departure from Universal. *See* Lurie Aff., at ¶ 11; *see also* Lurie Depo. Tr., at 27:20-28:8; *see also* Reiseck Aff., at ¶¶ 85-131.

17. Mr. Lurie was informed by Gollan that Plaintiff was resigning from her position with Universal. *See* Lurie Aff., at ¶ 12.

18. More specifically, Mr. Lurie recalls being told by Gollan that Plaintiff was going to move to Florida to reside closer to her boyfriend. *See* Lurie Aff., at ¶ 13.

19. Richard Ammom was the publisher of Ramp. He ran the company. Any decision regarding where he resided was made by him and was not based on any policy of Blue Horizon or Universal. *See* Lurie Aff., at ¶ 14.

20. Ramp and Universal are separate companies. *See* Lurie Aff., at ¶ 15.

21. Plaintiff never performed any services for Blue Horizon. During the entire course of her employment with Universal, she strictly provided services to Universal. *See* Lurie Aff., at ¶ 16.

2455883.1

22. Lurie does not have any ownership interest in any of the Defendant entities. *See* Lurie Depo. Tr., at 8:24-9:2; 10:3-10:5; 11:7-11:9.

Dated: East Meadow, New York
February 10, 2012

          CERTILMAN BALIN ADLER & HYMAN, LLP

          By: _____
             Douglas E. Rowe, Esq.
             Attorneys for Defendant Geoffrey Lurie
             90 Merrick Avenue
             East Meadow, New York 11554
             (516) 296-7000

TO: Alan B. Pearl
    Alan B. Pearl & Associates, P.C.
    Attorneys for Plaintiff
    6800 Jericho Tpke. Ste. 218e
    Syosset, New York 11791
    (516) 921-6774