UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :

LYNORE REISECK,                       :

                     Plaintiff,      :      Docket No.: 06 cv 0777

                                            :

       -against-                     :

                                          :

UNIVERSAL COMMUNICATIONS OF MIAMI,  :
INC., d/b/a UNIVERSAL MEDIA, BLUE     :
HORIZON MEDIA, INC., DOUGLAS GOLLAN, :
CARL RUDERMAN, GEOFFREY LURIE, and  :
DAVID BERNSTEIN in their individual and   :
corporate capacities,                    :

                                          :

                    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

 

**KANE KESSLER, P.C.**
*Attorneys for Defendants*
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... *ii*

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 3

APPLICABLE LEGAL STANDARD ..................................................................... 4

ARGUMENT

I.      NEITHER RUDERMAN NOR BLUE HORIZON CAN
        BE CONTSTRUED AS PLAINTIFF'S EMPLOYER ................................... 5

        Introduction ..................................................................................................... 5

        Ruderman and Blue Horizon were not Plaintiff's
        Employer under the Formal Control Test .......................................................... 7

        Ruderman and Blue Horizon were not Plaintiff's
        Employer Under the Functional Control Test .................................................... 9

II.     BLUE HORIZON AND UNIVERSAL ARE NOT
        A SINGLE INTEGRATED ENTERPRISE .................................................. 11

CONCLUSION ......................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986)....................................................................................................4

Barfield v. New York City Health and Hospitals Corp.,
  537 F.3d 132 (2d Cir. 2008)......................................................................................5, 6

Carter v. Dutchess Cmty. Coll.,
  735 F.2d 8 (2d Cir. 1984)......................................................................................6, 9, 10

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)....................................................................................................4

Chan v. Triple 8 Palace, Inc.,
  2006 U.S. Dist. LEXIS 15780, 2006 WL 851749 (S.D.N.Y. March 30, 2006) ........................6

Chung v. New Silver Palace Restaurant,
  246 F. Supp. 2d 220 (S.D.N.Y. 2002)..........................................................................10

Cook v. Arrowsmith Shelburne, Inc.,
  69 F.3d 1235 (2d Cir. 1995).......................................................................................11

Dewey v. PIT Telecome Netherlands, U.S., Inc.,
  101 F.3d 1392 (2d Cir. 1996)......................................................................................12

Frank v. U.S. West, Inc.,
  3 F.3d 1357 (10th Cir. 1993) ......................................................................................12

Gibson v. American Broadcasting Companies, Inc.,
  892 F.2d 1128 (2d Cir. 1989).......................................................................................4

Herman v. RSR Sec. SErvs. Ltd.-,
  172 F.3d 132 (2d Cir. 1999).........................................................................................5

Jean-Louis v. Metropolitan Cable Communications, Inc.,
  2011 WL 4530334 (S.D.N.Y. Sept. 30, 2011)..........................................................8, 9, 10

Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.,
  475 U.S. 574 (1986)....................................................................................................4

Moon v. Kwon,
  248 F. Supp. 2d 201 (S.D.N.Y. 2002)..........................................................................10

Rutherford Food Corp. v. McComb,
    331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947)..............................................5, 6

Wirtz v. Pure Ice Co.,
    322 F.2d 259 (8th Cir. 1963) ...............................................................................8

Zheng v. Liberty Apparel Co.,
    355 F.3d 61 (2d Cir. 2003)...........................................................................6, 7, 11


**STATUTES**

FRCP 56(c) ....................................................................................................1, 4

FRCP 56(e) .........................................................................................................4

Fair Labor Standards Act (FLSA), 29 U.S.C. §203(d) ......................................... *passim*

New York Human Rights Law, Executive Law Sec. 290 et seq.  ...................................1

New York Labor Law Sec. 191-c ...................................................................................1

New York Labor Law Sec. 651(6)...........................................................................1, 2, 5

#350341.1

Defendants Blue Horizon Media, Inc. ("Blue Horizon") and Carl Ruderman ("Ruderman"), (collectively, the "Defendants"), submit this Memorandum of Law in support of their supplemental motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment and dismissing the amended complaint of Plaintiff Lynore Reiseck ("Plaintiff") in its entirety because it cannot be genuinely disputed that neither Blue Horizon nor Ruderman were Plaintiff's "employer" as that term is defined by the Fair Labor Standards Act and/or New York Labor Law Sec. 651(6).

## PRELIMINARY STATEMENT

In her initial complaint, plaintiff asserted four claims against defendants Universal Communications of Miami, Inc., d/b/a Universal Media ("Universal) Universal and Douglas Gollan ("Gollan"), her employer and supervisor, respectively, for: (a) violation of Section 201(d) of New York's Labor Law, alleging that she was terminated from her employment with Universal for her "recreational activity of traveling to Florida;" (b) gender discrimination pursuant to New York Human Rights Law, Executive Law Sec. 290 et seq. and the Administrative Code of the City of New York, Sec. 8-101 et seq, also arising from her "recreational activity of traveling to Florida; and (3) violation of New York Labor Law Sec. 191-c, alleging that Universal withheld earned commissions. Shortly thereafter, Plaintiff filed an amended complaint which included a claim for overtime wages pursuant to the FLSA and New York's State Labor Law, and added as defendants Blue Horizon, Ruderman, Geoffrey Laurie and David Bernstein, alleging that they were Plaintiff's joint employers, and therefore liable to Plaintiff for her asserted claims.

On or about October 26, 2007, Defendants moved for summary judgment dismissing the Amended Complaint in its entirety on various grounds, including that Defendants Ruderman and

Blue Horizon could not be held liable for violations of the FLSA and/or New York Labor Law
Sec. 651(6) because they did not qualify as Plaintiff's "employers" under those statutes.  By
Memorandum and Opinion dated March 26, 2009, the Court dismissed the Amended Complaint
in its entirety, finding that Plaintiff: (a) had failed to establish a *prima facie* case of
discrimination; (b) was exempt from eligibility for overtime pay based on FLSA's
"administrative employee" exemption; and (c) was not entitled to commissions which Universal
was unable to collect.

Plaintiff appealed the Court's March 26, 2009 Memorandum and Opinion in its entirety
to the United States Court of Appeals for the Second Circuit.  By Order dated January 11, 2010,
the Court of Appeals upheld all aspects of this Court's decision, except held that the
administrative employee exemption did not apply to bar Plaintiff's claims for overtime pay based
upon the FLSA and/or New York Labor Law, and remanded the case to this Court for a
determination as to whether Plaintiff was exempt from the requirement to pay overtime as an
outside salesperson and/or a commissioned salesperson. Upon remand, by Opinion and Order
dated May 19, 2011, this Court held that the commissioned salesperson exemption did not apply
and granted summary judgment in Defendant's favor on that issue.  However, this Court further
held that summary judgment was not appropriate with regard to the outside salesperson
exemption. Accordingly, the sole issue to be tried in this case is whether the outside salesperson
exemption applies to bar Plaintiff's claims for overtime pay.

However, neither this Court, nor the Court of Appeals ever considered or decided
Defendants' argument, raised in its initial summary judgment motion, that Ruderman and Blue
Horizon, among other individual defendants, cannot be considered "employers" under the

2

#350341.1

relevant statutes and, therefore, cannot be held liable for any alleged unpaid overtime.

Therefore, this Court granted the request of all of the individual defendants, as well as Blue

Horizon, to submit supplemental briefing with respect to their motion for summary judgment

dismissing all remaining claims against them on the grounds that none of them can be construed

as Plaintiff's employer.  For the reasons detailed below, there is no genuine issue of fact that

Defendants were not Plaintiff's employer under the FLSA or New York's Labor law as a

threshold matter, and all claims thereunder must be dismissed.

## STATEMENT OF FACTS

The facts and documents which are relevant to this motion are set forth in Defendant's

previous submission on their motion for summary judgment, including, in the affirmation of

Gillian Overland, Esq., dated October 26, 2006 (Docket Entry No. 18), the affidavit of Douglas

Gollan, sworn to October 15, 2007 (Docket Entry No.14), the affidavit of David Bernstein,

sworn to October 15, 2007 (Docket Entry No.15), the affidavit of Geoffrey Lurie, sworn to

October 15, 2007 (Docket Entry No.16), the affidavit of Carl Ruderman, sworn to October 15,

2007 (Docket Entry No. 17), Defendants Statement of Undisputed Facts, dated October 26, 2007

(Docket Entry No.13), Defendants' Responses to Plaintiff's Statement of Undisputed Facts,

dated February 22, 2008 (Docket Entry No. 30), Defendant Carl Ruderman and Blue Horizon

Media, Inc.'s Supplemental Statement of Undisputed Facts, dated February 10, 2007, and all

exhibits thereto, to which the Court is respectfully referred.

## <u>APPLICABLE LEGAL STANDARD</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the moving party is entitled to summary judgment if, when viewing the facts in a light most favorable to the nonmoving party, there are no genuine issues of material fact requiring a trial.  See, F.R.C.P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Once a moving party presents appropriate support showing that there is no genuine issue of material fact, the nonmoving party must present support which sets forth sufficient specific facts about which a genuine issue of material fact remains.  FRCP 56(e).  The party who carries the burden of proof at trial must "make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Mere conclusory allegations will not suffice to survive summary judgment.  FRCP 56(e).  <u>Gibson v. American Broadcasting Companies, Inc.</u>, 892 F.2d 1128 (2d Cir. 1989)(The party opposing the motion must allege facts to indicate that "a <u>genuine</u> issue - not merely one that is <u>colorable</u> - of material fact is present").

Here, there is no genuine issue of material fact concerning whether Blue Horizon and/or Ruderman are employers under the FLSA and New York's Labor Law, and therefore, the remaining causes of action against them must be dismissed.

4

#350341.1

## ARGUMENT

**I.    NEITHER RUDERMAN NOR BLUE HORIZON CAN BE CONTSTRUED AS PLAINTIFF'S EMPLOYER**

***Introduction***

The single claim left to be tried in this case is whether Plaintiff is entitled to overtime compensation pursuant to the FLSA and New York's Labor law Sec. 651(6).  However, in order for Ruderman and/or Blue Horizon to be liable under either of those statutes, Plaintiff must first establish, as a threshold matter, that Ruderman and/or Blue Horizon qualify as Plaintiff's "employer."  The FLSA and New York's Labor Law define employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. Sec. 203(d).  When determining whether a person or entity is an "employer" pursuant to that definition, "the overarching concern is whether the alleged employer possessed the power to control the worker in questions…with an eye to the 'economic reality' presented by the facts of each case.'" Herman v. RSR Sec. SErvs. Ltd.-, 172 F.3d  132 (2d Cir. 1999), quoting, Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).  See also, Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947).  As a result, the Second Circuit "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of a totality of the circumstances." Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132, 141 (2d Cir. 2008), citing, Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984).

5

#350341.1

In assessing the "economic reality" of a particular employment situation, courts have identified two tests, each with its own set of factors.[1] For the sake of simplicity, the first test is referred to as the "formal control test," and the second is referred to as "the functional control test." See, Briarfield, supra, 537 F.3d at 141-143.  In Carter v. Dutchess Cmty. Coll., supra, 735 F.2d 8, 12, the Second Circuit set forth four factors to determine whether a person or entity had formal control over an employee such that he or it could be considered an employer, including whether the putative employer: (1) had the power to hire and fire the employee; (2) supervised and controlled the employee's work schedule or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.   In Zheng v. Liberty Apparel Co., 355 F.3d 61 (2d Cir. 2003), the Second Circuit considered whether an entity that lacked formal control over the employee, as defined by the Carter factors, could nevertheless be considered a putative employer based on the exercise of functional control.  Relying on language from Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947), Zheng set forth the following six factors to determine functional control: (1) whether the putative employer's premises and equipment were used for the plaintiff's work; (2) whether the putative employer had a business that could or did shift as a unit from one joint employer to another; (3) the extent to which plaintiff performed a discrete line-job that was integral to the putative employer's process of production; (4) whether plaintiff's job responsibility could pass from one employer to another without material changes; (5) the degree to which the putative employer or

---

[1]  The test for determining whether an individual qualifies as an employer is the same under the FLSA and New York Labor Law."  Chan v. Triple 8 Palace, Inc., 2006 U.S. Dist. LEXIS 15780 at *52, 2006 WL 851749 (S.D.N.Y. March 30, 2006).

6

its agents supervised plaintiff's work; and (6) whether plaintiff worked exclusively or

predominantly for the putative employer. Zheng, supra, 355 F.3d. at 72.

    Applying the above tests to the facts of this case, it is clear that neither Ruderman nor

Blue Horizon were Plaintiff's employer under either the formal or functional tests, and that the

economic realities do not support a finding of liability against either of them.

### Ruderman and Blue Horizon were not Plaintiff's Employer under the Formal Control Test

    Applying the "formal control" factors first, it is undisputed that Ruderman and Blue

Horizon: did not hire Plaintiff and was not involved in the decision to hire Plaintiff; did not fire

Plaintiff, and was not involved in any decisions concerning her separation from the Universal;

did not supervise Plaintiff; did not set Plaintiff's conditions of employment, including her rate of

pay, benefits, schedule, or geographic territory; had no involvement in the day-to-day operations

of Universal; did not evaluate Plaintiff's performance; and there is no evidence in the record that

either Ruderman or Blue Horizon maintained any personnel files for Plaintiff, including time

sheets, pay stubs or other forms.

    In fact, it was Gollan, acting on behalf of Universal, who hired Plaintiff, set the

conditions of her employment, supervised her and evaluated her. Gollan testified that he set the

commissions for the position of regional director,[2] (Exh. "J", page 52:16-52:25), and that he

interviewed Plaintiff and ultimately decided to hire her for the position of regional director (Exh.

J, pages 123:14-125:2 and Exh. D, pages 32:13-36:9. Furthermore, Plaintiff admits in her

---

[2] Plaintiff has suggested in a conclusory manner that Blue Horizon was involved in setting Plaintiff's commission rate and salary. However, this is a distortion of the defendants' testimony, each of whom make it clear that Gollan set the salary and commissions and a third-party provider simply processed them. See Exh. "J", pages 61:12-61:15, 69:11-69:16.

#350341.1

Complaint that: "Plaintiff's immediate supervisor in this position was defendant Douglas Gollan, President and Editor-in-Chief of Elite Traveler Magazine, who has the authority to act on behalf of the corporation and who, amongst other things, can and has set employee's conditions of employment, e.g. rate of pay, schedules, benefits, etc." (Exh. "D", ¶17).  When asked about his involvement with Universal, Ruderman testified as follows:

> Q: In connection with Miss Reiseck's work performance, did you ever discuss that with Mr. Gollan?
>
> A: No.  He ran the show.

See, Exh. "N", pages 35:25-36:4.  Indeed, the single allegation upon which Plaintiff relies to support liability against Ruderman is that he was the owner of both Universal and Blue Horizon. However, it is well-established that mere stock ownership is insufficient to give rise to employer status.  See, Wirtz v. Pure Ice Co., 322 F.2d 259, 262-263 (8th Cir. 1963).

Jean-Louis v. Metropolitan Cable Communications, Inc., 2011 WL 4530334 (S.D.N.Y. Sept. 30, 2011) is instructive.  There, plaintiffs worked for defendant Metropolitan Cable Communications as technicians installing telecommunications systems supplied by defendant Time Warner Cable of New York City.  Plaintiff's sued both defendants for failure to pay overtime wages under the FLSA.  Time Warner moved for summary judgment, arguing that it was not plaintiffs' employer.  The Southern District granted Time Warner's motion, holding, inter alia, that in the absence of evidence that Time Warner hired plaintiffs, set their work schedules and conditions of employment, set their rate and method of payment, or maintained

8

any personnel records for Plaintiffs, Time Warner could did not exercise any formal control of plaintiffs necessary to support liability under the FLSA.[3]

In light of the foregoing, neither Ruderman nor Blue Horizon exercised any formal control over Plaintiff's employment and, thus, cannot be construed as her employer pursuant to the "formal control" test set forth in Carter.

### Ruderman and Blue Horizon were not Plaintiff's Employer Under the Functional Control Test

Applying the "functional control" test, the first factor considered is whether the putative employer's premises and equipment were used for Plaintiff's work.  Here, it is also undisputed that Plaintiff did not use Ruderman or Blue Horizon's premises or equipment in connection with her work for Universal.[4]  Moreover, "the Second Circuit has cautioned that 'shared premises are not anything close to a perfect proxy for joint employment…" Jean-Louis v. Metropolitan Cable Communications, Inc., supra, 2011 WL 4530334 at *17 (S.D.N.Y. Sept. 30, 2011).  In any event, Plaintiff, by all accounts, spent the vast majority of her time out of the office.

The second and third functional control factors are somewhat related, and are whether Blue Horizon and/or Ruderman had a business that could or did shift as a unit from one putative employer to another and whether Plaintiff performed a discrete job which benefitted both employers.  Here, it is undisputed that Blue Horizon and Universal are separate businesses: Universal published Elite Traveler Magazine for which Plaintiff worked.  Blue Horizon did not

---

[3] The Court in Jean-Louis v. Metropolitan Cable Communications, Inc., supra, declined to find employer  liability under FLSA despite the fact that Time Warner conducted minimal supervision beyond quality control and that plaintiffs' communicated with Time Warner in certain circumstances.

[4] In this regard, although Plaintiff has repeatedly pointed out that Universal and Blue Horizon have the same address, she has consistently ignored the more salient (and undisputed) fact that the two companies occupy different office spaces within the same building.

9

#350341.1

publish Elite Traveler Magazine, and it is undisputed that Plaintiff performed no work whatsoever for any of Blue Horizon's publications. In any event, it is understood that these factors apply with less vigor where, as here, Plaintiff was engaged in providing a service rather than manufacturing a product. Id. Similarly, the fourth functional control factor is whether responsibility could pass from one entity to another without material changes. Because Plaintiff only worked for Elite Traveler Magazine, and not for any publication of Blue Horizon, this fourth factor weighs heavily against a finding that either Ruderman or Blue Horizon can be construed as Plaintiff's employer.

The fifth and sixth functional control factors overlap the factors set forth in Carter for formal control: whether the putative employer supervised Plaintiff and whether Plaintiff worked exclusively or predominantly for the putative employer. Without belaboring the point, Defendants have clearly established that neither Ruderman nor Blue Horizon supervised Plaintiff and that Plaintiff worked exclusively for Universal and otherwise had no direct control over Plaintiff or the terms of her employment. *Compare to*, Moon v. Kwon, 248 F. Supp. 2d 201 (S.D.N.Y. 2002) (looking at the level of control exercised over plaintiff in determining that individuals qualified as plaintiff's employer); Chung v. New Silver Palace Restaurant, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) (Individuals were found to be employers by virtue of their "hands on" involvement with the company's employment practices").

In sum, neither Ruderman nor Blue Horizon possessed sufficient control over Plaintiff under the formal and functional control tests detailed above to be construed as her employer under the FLSA or New York's Labor Law. In the absence of such control, neither Ruderman nor Blue Horizon can be held directly liable for the payment of any overtime wages which

10

#350341.1

alleged to be due to Plaintiff.  See Zheng v. Liberty Apparel Co., supra, 355 F.3d 61, 66 (2d Cir.

2003) (a company must possess sufficient control and be directly responsible for the failure to

pay statutorily required wages to be liable for unpaid overtime wages).

## II.      BLUE HORIZON AND UNIVERSAL ARE NOT A SINGLE INTEGRATED ENTERPRISE

In the absence of evidence that Blue Horizon exercised sufficient control over Plaintiff to

be construed as her "joint employer," Plaintiff has alternatively argued that Blue Horizon may

nonetheless be liable for her overtime claim under the "single employer" theory.  Pursuant to that

theory, under certain circumstances, two distinct companies can be found to represent a single,

integrated enterprise if there is evidence of: (1) an interrelation of operations; (2) centralized

control of labor relations; (3) common management; and (4) common ownership or financial

control.  See, Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir. 1995).

However, the Second Circuit has noted that "the second factor is the most crucial and that under

this factor 'the critical question to be answered then is: What entity made the final decisions

regarding employment matters related to the person claiming discrimination?'"  Id.

Here, Plaintiff has presented no evidence that Blue Horizon and Universal had

centralized control of labor relations.  As to the crucial inquiry raised by the Second Circuit, the

undisputed evidence is that Universal made the final (and all decisions) regarding Plaintiff's

employment, including hiring, firing, terms, conditions, compensation, schedules, hours and

benefits.  Moreover, there is no evidence that Blue Horizon controlled the labor relations of

Universal in any way.

11

#350341.1

With regard to the other factors, the evidence shows only that Blue Horizon provided certain administrative services to Universal, including mail services but does not operate under a centralized management or accounting system.  Elite Traveler Magazine, where Plaintiff worked, was managed and operated by defendant Gollan who made all decisions concerning Plaintiff's employment; Universal had its own office space, equipment and employees and publishes different publications in a different industry.  The only fact on which Plaintiff bases its "single entity" theory on is that certain officers/owners are the same.  However, "this fact does not establish that [Blue Horizon] exercises control of the day-to-day operations of [Universal]," and "common ownership, standing alone, is insufficient to establish that the two companies are a single employer."  Dewey v. PIT Telecome Netherlands, U.S., Inc., 101 F.3d  1392, 1393 (2d Cir. 1996).  See also, Frank v. U.S. West, Inc., 3 F.3d 1357, 1364 (10th Cir. 1993).

As set forth in the argument point above, it is undisputed that Blue Horizon did not hire Plaintiff to work for Universal and there are no material facts to suggest that Blue Horizon functioned as Plaintiff's employer.  As such, assuming arguendo that Plaintiff was entitled to overtime wages, Blue Horizon should not be held liable for the payment of same since it is clear that it was not Plaintiff's employer.

## CONCLUSION

For all of the foregoing reasons and principles of law, as well as those reasons set forth in Defendants' previous submissions, defendants Carl Ruderman and Blue Horizon Media, Inc. respectfully request that their motion for summary judgment dismissing Plaintiff's remaining claims be granted in all respects, together with such other, further and different relief as to the Court seems just and proper.

12

#350341.1

Dated:        New York, New York
              February 10, 2012

                                    **KANE KESSLER, P.C.**


                                    **By**: _____
                                        S. Reid Kahn (SRK-1458)
                                        Dana Susman (DMS-5436)


                                    *Attorneys for Defendants*
                                    *Carl Ruderman and Blue Horizon*
                                    *Media, Inc.*
                                    1350 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 541-6222

                                        13

#350341.1