```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LYNORE REISECK,                                             :
                                     Plaintiff,             :
                                                            :    06 Civ. 0777 (LGS)
              -against-                                     :
                                                            :    OPINION AND ORDER
UNIVERSAL COMMUNICATIONS OF MIAMI,                          :
INC., et al.,                                               :
                                     Defendants.            :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Before the Court is Plaintiff's Motion for Default Judgment against Defendants Carl Ruderman, Universal Communications of Miami, Inc. ("Universal") and Blue Horizon Media, Inc. ("Blue Horizon"). For the following reasons, Plaintiff's motion is GRANTED, and the case is referred to Magistrate Judge Francis for an inquest on damages.

**BACKGROUND**

In 2004, Plaintiff commenced suit in the New York Supreme Court against Defendants Universal, Blue Horizon, Douglas Gollan, Carl Ruderman, Geoffrey Lurie and David Bernstein, alleging that they wrongfully withheld her overtime pay in violation of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and other state laws. In 2006, Defendants removed the action to the Southern District of New York. In 2009, the Court granted summary judgment in favor of Defendants on all of Plaintiff's claims, finding that Defendants were exempt from the overtime pay provisions because Plaintiff was an "administrative employee," and dismissed the case. *Reiseck v. Universal Commc'ns of Miami*, No. 06 Civ. 777, 2009 WL 812258 (S.D.N.Y. Mar. 26, 2009) (Griesa, J.). On appeal, the Second Circuit vacated the Court's judgment insofar as it found that Plaintiff was a "salesperson" rather than an

"administrative employee," and remanded the case to determine, *inter alia*, whether Plaintiff was nevertheless precluded from recovery by the "outside salesperson" or "commissioned salesperson" exemptions. *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 108 (2d Cir. 2010). In 2011, the Court held that Defendants were not entitled to the "commissioned salesperson" exemption, and reserved the "outside salesperson" exemption issue for trial. *Reiseck v. Universal Commc'ns of Miami, Inc.*, No. 06 Civ. 777, 2011 WL 2078213 (S.D.N.Y. May 19, 2011) (Griesa, J.). In 2012, the Court granted summary judgment for Defendants Lurie and Bernstein on the ground that they were not Plaintiff's employers for purposes of FLSA and NYLL, but denied it as to Defendants Ruderman and Blue Horizon. *Reiseck v. Universal Commc'ns of Miami*, No. 06 Civ. 777, 2012 WL 3642375 (S.D.N.Y. Aug. 23, 2012) (Griesa, J.).

On July 12, 2013, the attorney for Defendants Ruderman, Universal and Blue Horizon moved to withdraw as counsel, representing that the three Defendants had discharged his firm on June 24, 2013, and directed his firm not to render further legal services. On July 16, 2013, the Court granted the attorney leave to withdraw, and ordered the corporate Defendants Universal and Blue Horizon to retain new counsel by July 29, 2013. On July 23, 2013, Plaintiff served the July 16, 2013, order upon Defendants.

On July 23, 2013, Defendant Ruderman filed a letter informing the Court of his intent not to defend the claims against him.

On August 22, 2013, the Court ordered Defendants Universal and Blue Horizon to show cause on September 9, 2013, why they should not be found in default and judgment entered against them on the issue of liability. On the same day, Defendants Universal and Blue Horizon were served with the August 22, 2013, order. On September 9, 2013, Defendants Universal and Blue Horizon failed to appear by counsel before this Court.

On November 22, 2013, Plaintiff filed a letter informing the Court that she had a signed settlement agreement with Defendant Gollan. Although Plaintiff represented that a Stipulation of Discontinuance was forthcoming, to date, no stipulation has been filed in connection with Defendant Gollan.

On December 13, 2013, Plaintiff filed the instant Motion for Default Judgment against the remaining Defendants Ruderman, Universal and Blue Horizon. On December 16, 2013, the Court ordered Defendants Ruderman, Universal and Blue Horizon to show cause on January 23, 2014, why they should not be found in default and judgment entered against them on the issue of liability. The Court subsequently adjourned the show cause hearing twice, to March 18, 2014. On March 18, 2014, Defendants Ruderman, Universal and Blue Horizon failed to appear before this Court.

On February 19, 2014, and again on March 13, 2014, Defendant Ruderman sent e-mails to the Court, asking that the Court closely scrutinize the amount of damages sought by Plaintiff. To date, Defendant Ruderman has not complied with the Court's several orders for pretrial submissions or filed a formal response to Plaintiff's Motion for Default Judgment.

**STANDARD**

"Rule 55 [of the Federal Rules of Civil Procedure] provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Pursuant to Rule 55(a), default may be entered against a defendant that has failed to plead or "otherwise defend." Fed. R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *Mickalis*, 645 F.3d at 128 (citations omitted). The

Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" *id.* at 129, finding the entry of default to have been proper in a variety of circumstances – e.g., the defendant's failure to appear for trial after a lack of diligence in pre-trial proceedings, *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 63-65 (2d Cir. 1986); the defendant's use of obstructionist litigation tactics, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); or the defendant's willful disregard of court orders, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991).

Specifically with respect to juridical entities, it is well established in this Circuit that corporations, partnerships and limited liability companies may not appear without counsel. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed pro se); *Eagle Assocs.*, 926 F.2d at 1310 (holding that a partnership may not be represented by a layperson).  The Second Circuit has held that a defendant partnership's failure to comply with a court's order that it obtain counsel constitutes failure to "otherwise defend" for the purpose of Rule 55(a) such that an entry of default is justified.  *Id.*; *see also Mickalis*, 645 F.3d at 130 (holding that entry of default was proper where the defendant, a limited liability company, failed to obtain counsel despite the court's warning that such failure would result in default).  While "a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint," *id.* at 137 (internal quotation marks omitted), an entry of default "is not an admission of damages," *id.* at 128 (internal quotation marks omitted).

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled," *id.*, to the extent that it does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  The Second Circuit has held that at the inquest following entry of default, the court should "accept[] as true

4

all of the factual allegations of the complaint, except those relating to damages," entitling the plaintiff to "all reasonable inferences from the evidence offered." *Au Bon Pain Corp.*, 653 F.2d at 65. However, courts are nevertheless "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

## **DISCUSSION**

### I.     **Entry of Default**

Recent procedural history in this action makes clear that all remaining Defendants have failed to "otherwise defend" within the meaning of Rule 55(a), and are thus in default.

With respect to Defendants Universal and Blue Horizon, both are corporations and may not proceed without counsel. Since counsel for Universal and Blue Horizon withdrew with the Court's leave on July 16, 2013, they have been without representation before the Court. On July 23, 2013, they were served with the Court's order to enter appearance by new counsel by July 29, 2013. On August 22, 2013, they were served with the Court's order to show cause. On September 9, 2013, they failed to appear at the show cause hearing. On March 18, 2014, they again failed to appear at the show cause hearing. The corporations' knowing failure to comply with the Court's orders constitutes failure to "otherwise defend" for the purpose of Rule 55(a) such that an entry of default is justified. *See Eagle Assocs.*, 926 F.2d at 1310.

Defendant Ruderman's default status is equally clear. In his letter dated July 23, 2013, he wrote that he "do[es] not expect to be a part of defending the claims in this case" due to his inability to procure representation or travel to New York to appear on his own behalf. Following that letter, Defendant Ruderman has not filed any pretrial submissions pursuant to the Court's several scheduling orders requiring such submissions. In his February 19, 2014, e-mail, he reiterated his inability to appear or to obtain counsel. On March 18, 2014, he failed to appear at

the show cause hearing.  Defendant Ruderman's express statement that he will not defend, followed by his neglect of the Court's several orders, constitutes a failure to "otherwise defend" warranting an entry of default pursuant to Rule 55(a).

Consequently, default is hereby entered against Defendants Ruderman, Universal and Blue Horizon.

## II.     Liability

As the facts above demonstrate, this case has been exhaustively litigated over a number of years.  Although no motions to dismiss were filed in this case, the claims currently remaining have survived one appeal and two subsequent motions for summary judgment.  The complaint, accompanied by the voluminous record, amply supports a finding that Plaintiff has sufficiently pleaded Defendants' liability as a matter of law.

## III.    Damages

In connection with the inquest on damages, Plaintiff has submitted a number of exhibits detailing the hours of both Plaintiff and Plaintiff's counsel.  Plaintiff also argues that she is entitled to enhanced damages for Defendants' willful violations of FLSA and NYLL, citing the deposition transcripts of Defendants Ruderman, Lurie and Bernstein.  In his e-mails to the Court, Defendant Ruderman questioned the credibility of Plaintiff's record of her overtime hours, asked that the attorneys' fees be reduced insofar as they were not in pursuit of the remaining claims, and voiced concern about Defendant Gollan's settlement with Plaintiff, which appears yet to be finalized.  In light of these complexities requiring additional judicial attention, the Court hereby refers this case to Magistrate Judge Francis for an inquest on damages, attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion as follows: judgment by default is entered against Defendants Ruderman, Universal and Blue Horizon.  The inquest on

damages, attorneys' fees and costs is referred to Magistrate Judge Francis. The Clerk is directed to close the motion at Docket No. 135.

    SO ORDERED.

Dated: March 19, 2014
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE