USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/22/14__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                  :
LYNORE REISECK,                                  :
                        Plaintiff,   :
                                               :      06 Civ. 0777 (LGS)
         -against-                     :
                                               :      ORDER & OPINION
UNIVERSAL COMMUNICATIONS OF MIAMI, :
INC., et al.,                                         :
                                 Defendants.  :
                                                 :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Before the Court are two Reports and Recommendations from Magistrate Judge James C. Francis. The first (the "Settlement Report"), dated May 22, 2014, to which no objection was filed, recommends that the settlement agreement between Plaintiff and Defendant Douglas Gollan be approved as compliant with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The second (the "Damages Report"), dated September 5, 2014, recommends that judgment be entered against defaulting Defendants -- Carl Ruderman, Universal Communications of Miami, Inc. ("Universal") and Blue Horizon Media, Inc. ("Blue Horizon") -- jointly and severally, for a total monetary award of $284,078.86. Defendant Ruderman timely objected by letter dated September 18, 2014.[1] For the reasons stated below, both reports are adopted in their entirety.

---

[1] On October 3, 2014, Plaintiff filed a response to Defendant Ruderman's objections purportedly under Rule 72(b) of the Federal Rules of Civil Procedure. Rule 72(b), however, applies to dispositive motions, and not to non-dispositive motions such as the damages inquest in the present case. Because Rule 72(a) controls here and does not authorize a response to objections, Plaintiff's response is not considered.

**I.    LEGAL STANDARD**

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006)). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citation omitted). Finally, "an unsuccessful party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate." *Marache v. Akzo Nobel Coatings, Inc.*, No. 08 Civ. 11049, 2010 WL 3731124, at *3 (S.D.N.Y. Sept. 7, 2010) (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)); *accord Walker v. Stinson*, 205 F.3d 1327, 2000 WL 232295, at *2 (2d Cir. 2000) (summary order) ("district court did not abuse its discretion in refusing to consider" an argument where the objector failed to raise it before the magistrate judge).

## II.     DISCUSSION

Familiarity with the well-documented facts of this long-running case is assumed. *See, e.g.*, *Reiseck v. Universal Commc'ns of Miami, Inc.*, No. 06 Civ. 777, 2014 WL 1100140 (S.D.N.Y. Mar. 19, 2014).

### A.     Settlement Report

The parties' submissions urging approval of Plaintiff and Defendant Gollan's settlement agreement, the Settlement Report and a transcript of the May 22, 2014, hearing before Judge Francis, reveal that the factual and legal bases underlying the Report are not clearly erroneous or contrary to law. Accordingly, the Settlement Report is adopted as the decision of the Court, and the settlement agreement is approved.

### B.     Damages Report

Defendant Ruderman makes four objections to the Damages Report: (1) the Report incorrectly concluded that the overtime violations were willful; (2) the Report incorrectly imposed liquidated damages under both the FLSA and New York Labor Law ("NYLL"); (3) the Report chose an inadequate percentage reduction to the attorneys' fee application; and (4) the Report incorrectly failed to apply a percentage reduction to the costs. Each objection is rejected.

The first objection is meritless, regardless of the standard of review. It is well established that upon default a complaint's well-pleaded allegations are deemed admitted. *See, e.g.*, *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013), as amended (Nov. 26, 2013). As a result, Defendant Ruderman's liability for willful overtime violations was established at the time of default. The only issue before Judge Francis, as the Report stated, was the extent of damages.

Defendant Ruderman's second objection – that the Report incorrectly imposed separate liquidated damages under the FLSA and NYLL – is also meritless. Even assuming the objection

necessitates de novo review, the Report is correct that separate liquidated damages may be awarded under the FLSA and NYLL, because FLSA's provision is "compensatory" and NYLL's is "punitive." *See, e.g.*, *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 593 (S.D.N.Y. 2012) ("The majority view is that . . . simultaneous recovery is permissible because liquidated damages under the FLSA and the NYLL serve different purposes.").

The third objection concerns the amount of damages attributable to attorneys' fees. Defendant Ruderman's contention that Plaintiff had demanded "inflated" attorneys' fees was addressed in detail in the Report. Indeed, Defendant Ruderman's third objection reveals that he agrees with the reasoning of the Report, but disagrees only with the percentage reduction Judge Francis imposed on the amount of attorneys' fees. Defendant Ruderman argues that a discount of fifty percent "would be much more reasonable" than the ten percent discount the Report recommends. Because Defendant Ruderman essentially repeats arguments Judge Francis fully considered and even agreed with, the portion of the Report the third objection references is reviewed for clear error. The Report's choice of a ten percent discount as opposed to a larger discount on attorneys' fees is not clearly erroneous. Consequently, the third objection is rejected.

Defendant Ruderman did not raise his final objection that costs should be divided between dismissed and non-dismissed claims before Judge Francis. As a result, the Report's recommendation on costs will not be reviewed de novo and is instead reviewed for clear error. Because there is no clear error, Defendant Ruderman's fourth objection is also rejected.

Accordingly, the Damages Report is adopted.

## III. CONCLUSION

For the reasons stated above, the Settlement Report and the Damages Report are both ADOPTED in their entirety. Judgment is entered in favor of Plaintiff and against Defendants


Universal, Blue Horizon and Ruderman, jointly and severally, for the total amount of $284,078.86 as set out in the Damages Report.  By a concurrently published order, the settlement agreement between Plaintiff and Defendant Gollan is approved.

The Clerk of Court is directed to mail a copy of this order to pro se Defendant Ruderman and to close this case.

SO ORDERED.

Dated: October 22, 2014
      New York, New York

                                                LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE